```
                                       FILED
                              CLERK, U.S. DISTRICT COURT

                                    SEP 23 2008

                              CENTRAL DISTRICT OF CALIFORNIA
                              BY                    DEPUTY
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DERRICK THOMPSON, | ) | NO. CV 07-7327-JSL(E) |
| Petitioner, | ) | |
| v. | ) | ORDER ADOPTING FINDINGS, |
| VICTOR ALMAGER, | ) | CONCLUSIONS AND RECOMMENDATIONS OF |
| Respondent. | ) | UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. section 636, the Court has reviewed the Petition, all of the records herein and the attached Report and Recommendation of United States Magistrate Judge. The Court approves and adopts the Magistrate Judge's Report and Recommendation.

IT IS ORDERED that Judgment be entered denying and dismissing the Petition with prejudice.

///
///
///
///

1 | IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the Magistrate Judge's Report and Recommendation and the Judgment herein by United States mail on Petitioner and counsel for Respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: _sept 22_ , 2008.

*Spencer Letts*
J. SPENCER LETTS
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK THOMPSON,<br><br>    Petitioner,<br><br>v.<br><br>VICTOR ALMAGER,<br><br>    Respondent. | NO. CV 07-7327-JSL(E)<br><br>REPORT AND RECOMMENDATION OF<br><br>UNITED STATES MAGISTRATE JUDGE |

This Report and Recommendation is submitted to the Honorable J. Spencer Letts, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

**PROCEEDINGS**

Petitioner filed a "Petition for Writ of Habeas Corpus By a Person in State Custody" on November 7, 2007. Respondent filed an Answer on January 17, 2008. Respondent filed a second Answer on January 31, 2008, which is substantively identical to the first.

Petitioner filed a Traverse on April 25, 2008. Petitioner amended the Petition to add an admittedly unexhausted claim, but Petitioner then withdrew this claim when the Court denied Petitioner's motion for a stay. See Orders filed May 27, 2008 and July 2, 2008; "Petitioner's Response, etc.," filed July 15, 2008.

**BACKGROUND**

A jury found Petitioner guilty of second degree robbery (Reporter's Transcript ("R.T.") 729-31). The trial judge found Petitioner had suffered prior convictions that qualified for various sentence enhancements, including the enhancements provided in California's Three Strikes Law (R.T. 748).[1] The trial judge declined to strike any of Petitioner's prior convictions (R.T. 764-65). Petitioner received a sentence of 41 years to life, comprised of a "Three Strikes" sentence of 25 years to life and 16 additional years of prior conviction-related enhancements (R.T. 765-66).

The California Court of Appeal affirmed in an unpublished opinion. The California Supreme Court summarily denied review.

///
///

---

[1] The Three Strikes Law consists of two nearly identical statutory schemes. The earlier provision, enacted by the Legislature, was passed as an urgency measure, and is codified as California Penal Code §§ 667(b) - (i) (eff. Mar. 7, 1994). The later provision, an initiative statute, is embodied in California Penal Code § 1170.12 (eff. Nov. 9, 1994). See generally People v. Superior Court (Romero), 13 Cal. 4th 497, 504-05, 53 Cal. Rptr. 2d 789, 791-92, 917 P.2d 628 (1996) ("Romero").

**SUMMARY OF PETITIONER'S CONTENTIONS**

Petitioner contends:

1. The trial court's denial of Petitioner's request for the appointment of an eyewitness identification expert violated Petitioner's constitutional rights;

2. The trial court's "inadequate sanctions for destruction of evidence and late discovery" violated Petitioner's constitutional rights;

3. The combined effect of alleged errors (1) and (2) violated Petitioner's constitutional rights; and

4. The recent case of <u>Cunningham v. California</u>[2] allegedly demonstrates that the trial court enhanced Petitioner's sentence unconstitutionally.

**STANDARD OF REVIEW**

Under the "Antiterrorism and Effective Death Penalty Act of 1996" ("AEDPA"), signed into law April 24, 1996, a federal court may not grant an application for writ of habeas corpus on behalf of a person in state custody with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the

---

[2]   549 U.S. 270 (2007) ("<u>Cunningham</u>").

claim: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d) (as amended); Woodford v. Visciotti, 537 U.S. 19, 24-26 (2002); Early v. Packer, 537 U.S. 3, 8 (2002); Williams v. Taylor, 529 U.S. 362, 405-09 (2000).

"Clearly established Federal law" refers to the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision. Lockyer v. Andrade, 538 U.S. 63 (2003). A state court's decision is "contrary to" clearly established Federal law if: (1) it applies a rule that contradicts governing Supreme Court law; or (2) it "confronts a set of facts . . . materially indistinguishable" from a decision of the Supreme Court but reaches a different result. See Early v. Packer, 537 U.S. at 8 (citation omitted) (quoting Williams v. Taylor, 529 U.S. at 405-06).

Under the "unreasonable application prong" of section 2254(d)(1), a federal court may grant habeas relief "based on the application of a governing legal principle to a set of facts different from those of the case in which the principle was announced." Lockyer v. Andrade, 538 U.S. at 76 (citation omitted); see also Woodford v. Visciotti, 537 U.S. at 24-26 (state court decision "involves an unreasonable application" of clearly established federal law if it identifies the correct governing Supreme Court law but unreasonably applies the law to the facts). A state court's decision "involves an unreasonable

4

1 application of [Supreme Court] precedent if the state court either
2 unreasonably extends a legal principle from [Supreme Court] precedent
3 to a new context where it should not apply or unreasonably refuses to
4 extend that principle to a new context where it should apply."
5 Williams v. Taylor, 529 U.S. at 407 (citation omitted).
6
7     "In order for a federal court to find a state court's application
8 of [Supreme Court] precedent 'unreasonable,' the state court's
9 decision must have been more than incorrect or erroneous." Wiggins v.
10 Smith, 539 U.S. 510, 520-21 (2003) (citation omitted). "The state
11 court's application must have been 'objectively unreasonable.'" Id.
12 (citation omitted); see also Clark v. Murphy, 331 F.3d 1062, 1068 (9th
13 Cir.), cert. denied, 540 U.S. 968 (2003). In applying these
14 standards, this Court looks to the last reasoned state court decision.
15 See Davis v. Grigas, 443 F.3d 1155, 1158 (9th Cir. 2006) (citation and
16 quotations omitted).
17
18     Additionally, on federal habeas review of trial-type errors, this
19 Court must apply the harmless error standard set forth in Brecht v.
20 Abrahamson, 507 U.S. 619 (1993) ("Brecht"). Brecht forbids a grant of
21 habeas relief for a trial-type error unless the error had a
22 "substantial and injurious effect or influence" on the proceeding or
23 verdict. Id. at 637-38.
24 ///
25 ///
26 ///
27 ///
28 ///

**DISCUSSION**

For the reasons discussed below,[3] the Court should deny and dismiss the Petition with prejudice.[4]

I. **The Trial Court's Refusal to Appoint an Eyewitness Identification Expert Does Not Merit Habeas Relief.**

Ninth Circuit precedent precludes the granting of habeas relief on Petitioner's first claim. In Jackson v. Ylst, 921 F.2d 882, 886 (9th Cir. 1990), the Ninth Circuit expressly held that the rule of Teague v. Lane[5] prevented the granting of habeas relief on the basis of a refusal to appoint an eyewitness identification expert. The same court also held that California state law "did not create a protected liberty interest in the appointment of an [eyewitness identification] expert for indigent defendants." Id. at 887. Petitioner's first claim is legally indistinguishable from the claim rejected in Jackson v. Ylst, and therefore cannot merit habeas relief. See Zuniga v.

---

[3] The Court has read, considered, and rejected on the merits all of Petitioner's arguments. The Court discusses Petitioner's principal arguments below.

[4] The Court has assumed, arguendo, Petitioner has not procedurally defaulted any of his claims. See Lambrix v. Singletary, 520 U.S. 518, 523-25 (1997); Franklin v. Johnson, 290 F.3d 1223, 1229, 1232-33 (9th Cir. 2002); see also Barrett v. Acevedo, 169 F.3d 1155, 1162 (8th Cir.), cert. denied, 528 U.S. 846 (1999) ("judicial economy sometimes dictates reaching the merits if the merits are easily resolvable against the petitioner while the procedural bar issues are complicated").

[5] 49 U.S. 288 (1989) (generally forbidding the announcement or application of new rules on habeas review).

1  United Can Co., 812 F.2d 443, 450 (9th Cir. 1987) ("district courts
2  are, of course, bound by the law of their own circuit"); see also
3  Barker v. Fleming, 423 F.3d 1085, 1089 n.1 (9th Cir. 2005), cert.
4  denied, 547 U.S. 1138 (2006) (there exists no federal right to expert
5  eyewitness identification testimony); Jordan v. Ducharme, 983 F.2d
6  933, 939 (9th Cir. 1993), cert. denied, 510 U.S. 878 (1993) (same).[6]

8  **II.  Petitioner's Claims Regarding the Destruction of Evidence Do Not
9      Merit Habeas Relief.**

11     Inculpatory evidence introduced at trial included: the
12  identification of Petitioner by the robbery victim (R.T. 249-50); the
13  identification by the victim and another robbery eyewitness of a car
14  belonging to Petitioner's fiancee as the car involved in the robbery
15  (R.T. 242-43; 396-97, 493-95); the other eyewitness' identification of
16  Petitioner as the person driving this car two days after the robbery
17  (R.T. 390-91); post-arrest statements by Petitioner that he was "in a
18  fucked up situation," was "going to jail" and did not want to be a
19  snitch [presumably a sentiment Petitioner expressed because of the
20  existence of a second, unidentified perpetrator of the robbery] (R.T.
21  456-57); the robbery victim's identification of a cell phone found in
22  Petitioner's residence as the victim's cell phone (the phone

---

[6]     No post-Jackson v. Ylst federal precedent requires any
revision of the Teague analysis. Moreover, because United States
Supreme Court jurisprudence does not clearly establish a
constitutional entitlement to eyewitness identification expert
testimony, 28 U.S.C. section 2254(d) also precludes the granting
of federal habeas relief. See Spencer v. Hofbauer, 2008 WL
324098 *9 (E.D. Mich. Feb. 6, 2008); Paccione v. New York, 353
F. Supp. 2d 358, 370 (E.D.N.Y. 2005).

reportedly displayed the victim's phone number when the victim activated the phone) (R.T. 245-46; 443); and the victim's statement that a knife found in Petitioner's residence was very similar to the knife used in the robbery (R.T. 246, 442). Petitioner's second claim concerns the physical items relating to these last two pieces of inculpatory evidence.

By the time of trial, the cell phone and the knife were unavailable because the police previously had destroyed these items. The trial court found that these items were not exculpatory and that the destruction was not done in bad faith (R.T. 216, 761). The court instructed the jury, in pertinent part:

> The police have a duty to preserve existing evidence in their possession. The weight and significance of any destroyed evidence are matters for your consideration. However, you should consider whether the destroyed evidence pertains to a fact of importance, something trivial, or subject matters already established by other credible evidence (R.T. 690).

Petitioner appears to argue that the destruction of the evidence violated Petitioner's constitutional rights. Petitioner also appears to argue that the trial court's failure to instruct the jury that the jury could infer that the destroyed evidence was unfavorable to the prosecution violated Petitioner's constitutional rights. As discussed below, these arguments must be rejected.

///

The State's duty to preserve evidence is limited to material evidence. <u>California v. Trombetta</u>, 467 U.S. 479 (1984). Furthermore, the destruction of material evidence does not violate the constitution unless the evidence was destroyed in "bad faith." <u>Arizona v. Youngblood</u>, 488 U.S. 51, 58 (1988); <u>Downs v. Hoyt</u>, 232 F.3d 1031, 1037 (9th Cir. 2000), <u>cert. denied</u>, 532 U.S. 999 (2001); <u>Grisby v. Blodgett</u>, 130 F.3d 365, 371 (9th Cir. 1997); <u>Villafuerte v. Stewart</u>, 111 F.3d 616, 625 (9th Cir. 1997), <u>cert. denied</u>, 522 U.S. 1079 (1998).

To meet the materiality standard of <u>Trombetta</u>, Petitioner must show that the destroyed evidence possessed an exculpatory value that was <u>apparent</u> before the evidence was destroyed and that the evidence was of such a nature that Petitioner was unable to obtain comparable evidence by reasonable means. <u>California v. Trombetta</u>, 467 U.S. at 489; <u>United States v. Sherlock</u>, 962 F.2d 1349, 1355 (9th Cir. 1989), <u>cert. denied</u>, 506 U.S. 958 (1992). Petitioner has not shown that the cell phone or knife possessed an <u>apparent</u> exculpatory value. Given the statements of the robbery victim, these items might well have been purely inculpatory. For example, the actual cell phone might well have displayed the victim's number. Petitioner's suggestion that the actual phone might have been different from that of the robbery victim is mere speculation. Petitioner argues an alleged inconsistency between the robbery victim's description of the knife and an officer's description of the knife. Petitioner also argues that blood that may have remained on the knife days later could have been tested to determine whether it was the blood of the victim. These arguments, also based largely on speculation, fail to demonstrate that the knife had an apparent exculpatory value at the time of the knife's

destruction.

Assuming <u>arguendo</u>, however, that the cell phone and knife had apparent exculpatory value, Petitioner has failed to produce clear and convincing evidence to rebut the trial court's finding that the police did not act in bad faith. This factual finding is fairly supported by the record and is entitled to a presumption of correctness in this Court. 28 U.S.C. § 2254(d). There may be evidence of bungling, but there is no evidence of bad faith.[7] Bungling does not violate due process in this context. See <u>Grisby v. Blodgett</u>, 130 F.3d at 371-72; <u>Villafuerte v. Stewart</u>, 111 F.3d at 625. Therefore, Petitioner is not entitled to habeas relief on the theory that the police destroyed potentially exculpatory evidence.[8]

///

///

---

[7] When a petitioner "has failed to develop material facts in state court proceedings, he or she must demonstrate adequate cause for his or her failure and actual prejudice resulting from that failure" to be entitled to a hearing. <u>Correll v. Stewart</u>, 137 F.3d 1404, 1411 (9th Cir.), <u>cert. denied</u>, 525 U.S. 984 (1998) (citing <u>Keeney v. Tamayo-Reyes</u>, 504 U.S. 1, 11 (1992)); <u>see also</u> 28 U.S.C. § 2254(e)(2). Petitioner has offered no justification for his failure to develop further in the state court proceedings the facts surrounding the destruction of the cell phone and knife.

[8] Petitioner appears to argue that the mere fact he sought pretrial discovery of "all physical evidence" proves that the cell phone and the knife must have been "favorable to his innocence" (Traverse at 22). Petitioner's argument fails as a matter of logic. Criminal defendants customarily seek discovery of all prosecution evidence, inculpatory and exculpatory. Moreover, even if Petitioner's discovery request was tantamount to Petitioner's assertion that the evidence was exculpatory, the result would be the same. Assertion is not proof.

1    Given the failure of this theory, Petitioner's related claim
2 concerning the court's jury instruction also fails. When the
3 destruction of evidence does not violate due process, due process does
4 not require an adverse inference instruction. See, e.g., McKissack v.
5 Sherry, 2008 WL 565423 *14 (E.D. Mich. Feb. 29, 2008); Welch v. Artus,
6 2007 WL 949652 *46 (W.D.N.Y. Mar. 29, 2007). Moreover, when a federal
7 habeas petitioner challenges the validity of a state jury instruction,
8 the issue is "whether the ailing instruction by itself so infected the
9 entire trial that the resulting conviction violates due process."
10 Estelle v. McGuire, 502 U.S. 62, 72 (1991); Clark v. Brown, 450 F.3d
11 898, 904 (9th Cir.), cert. denied, 127 S. Ct. 555 (2006). In the
12 present case, the challenged instruction did not "infect the entire
13 trial." See Kelly v. Trombley, 2006 WL 2883123 *9 (E.D. Mich. Oct. 6,
14 2006).

16    Petitioner also argues that the alleged failure of the
17 prosecution to give to the defense timely notice of the destruction of
18 the evidence merited sanctions. The prosecution apparently did not
19 disclose the destruction until the day of trial, and the trial court
20 apparently did not impose any sanction on the prosecution (R.T. 69,
21 213-16). No error cognizable in federal habeas corpus thereby
22 occurred, however. Federal habeas corpus relief may be granted "only
23 on the ground that [Petitioner] is in custody in violation of the
24 Constitution or laws or treaties of the United States." 28 U.S.C.
25 § 2254(a). Mere errors in the application of state law are not
26 cognizable on federal habeas review. Id.; Estelle v. McGuire, 502
27 U.S. at 67-68 ("it is not the province of a federal habeas court to
28 reexamine state-court determinations on state-law questions"); accord

Pulley v. Harris, 465 U.S. 37, 41 (1984). Sanctions for the belated nature of the disclosure would appear to present only matters of state law. Moreover, Petitioner has failed to demonstrate that earlier knowledge of the destruction would have made any difference to the preparation of the defense case. Accordingly, Petitioner has failed to demonstrate that any such alleged error had a substantial and injurious effect or influence on the jury's verdict.

### III. Petitioner's Claim Regarding the "Combined Effect" of Petitioner's First Two Claims Does Not Merit Habeas Relief.

Because, as discussed above, no cognizable error occurred with respect to Petitioner's claims (1) or (2), Petitioner's "combined effect" claim also fails. See Rupe v. Wood, 93 F.3d 1434, 1445 (9th Cir. 1996), cert. denied, 519 U.S. 1142 (1997) (where "there was no violation of federal rights in connection with . . . [petitioner's] trial . . . there is no reason to reverse for cumulative error"); see also Turner v. Calderon, 281 F.3d 851, 890 (9th Cir. 2002) ("cumulatively, Turner's claims of alleged trial error create no more prejudice than they do independently").

### IV. Petitioner's Cunningham Claim Does Not Merit Habeas Relief.

The Cunningham decision has no application to the present case. In Cunningham, the Supreme Court held unconstitutional the imposition of an upper term sentence based on facts "other than a prior conviction, not found by a jury or admitted by the defendant." Cunningham, 549 U.S. 270, 127 S. Ct. 856, 860 (emphasis added). Here,

1  Petitioner did not receive an upper term sentence, but a Three Strikes
2  sentence with additional enhancements under California Penal Code
3  sections 667 and 667.5.  Petitioner's eligibility for a Three Strikes
4  sentence and Petitioner's eligibility for the additional enhancements
5  derived from Petitioner's prior convictions.  Because prior
6  convictions remain within the province of judicial fact-finding after
7  Cunningham, Petitioner's claim fails as a matter of law.  See Dykes v.
8  Sisto, 2008 WL 117973 *1 (E.D. Cal. Jan. 10, 2008), adopted by 2008 WL
9  440351 (E.D. Cal. Feb. 15, 2008) (Cunningham does not prevent
10 sentencing judge from determining the existence of prior convictions);
11 Santiago v. Kramer, 2007 WL 3309532 *8 (E.D. Cal. Nov. 6, 2007),
12 adopted by 2008 WL 73303 (E.D. Cal. Jan. 7, 2008) (same); see also
13 Davis v. Woodford, 446 F.3d 957, 963 (9th Cir. 2006) ("The
14 Constitution permits prior convictions to be used to enhance a
15 sentence, without being submitted to a jury, so long as the
16 convictions were themselves obtained in proceedings that required the
17 right to a jury trial and proof beyond a reasonable doubt.
18 [citations].").
19
20     Petitioner also seems to argue that the trial court's exercise of
21 discretion under Romero not to strike any of the prior convictions
22 somehow violated constitutional law.  Such argument is meritless.  See
23 Brown v. Mayle, 283 F.3d 1019, 1040 (9th Cir. 2002), vacated on other
24 grounds, 538 U.S. 901 (2003) (claim that a state trial court
25 improperly declined to dismiss a prior "strike" conviction "is not
26 cognizable on federal habeas review"); accord Belgarde v. Hubbard,
27 2007 WL 2701717 *1 (N.D. Cal. Sept. 13, 2007).
28 ///

1  Finally, Petitioner appears to argue that his sentence violates
2  the Eighth Amendment. This argument is also meritless. "The Eighth
3  Amendment, which forbids cruel and unusual punishments, contains a
4  'narrow proportionality principle' that 'applies to noncapital
5  sentences.'" Ewing v. California, 538 U.S. 11, 20 (2003) (quoting
6  Harmelin v. Michigan, 501 U.S. 957, 996-97 (1991) (Kennedy, J.,
7  concurring)). "The threshold determination in the eighth amendment
8  proportionality analysis is whether [Petitioner's] sentence was one of
9  the rare cases in which a . . . comparison of the crime committed and
10 the sentence imposed leads to an inference of gross
11 disproportionality." United States v. Bland, 961 F.2d 123, 129 (9th
12 Cir. 1992), cert. denied, 506 U.S. 858 (1992) (citations and
13 quotations omitted; emphasis added); see also Lockyer v. Andrade, 538
14 U.S. 63, 77 (2003) ("Andrade") ("[t]he gross disproportionality
15 principle reserves a constitutional violation for only the
16 extraordinary case"); Rummel v. Estelle, 445 U.S. 263, 272 (1980)
17 ("Outside the context of capital punishment, successful challenges to
18 the proportionality of particular sentences have been exceedingly
19 rare.").
20
21 Petitioner's inchoate claim of unconstitutional
22 disproportionality stumbles at this threshold level. A comparison of
23 Petitioner's crime and a sentence of life without any possibility of
24 parole would not lead to an "inference of gross disproportionality."
25 Courts have upheld sentences of life without possibility of parole for
26 crimes far less heinous than Petitioner's crime. See, e.g., Harmelin
27 v. Michigan, 501 U.S. 957 (1991) (possession of 672 grams of cocaine);
28 United States v. Van Winrow, 951 F.2d 1069, 1071 (9th Cir. 1991)

1 | (possession of cocaine with intent to distribute).
2 |
3 |     The <u>Andrade</u> decision also forecloses Petitioner's Eighth
4 | Amendment claim.  In <u>Andrade</u>, the Supreme Court acknowledged: "in
5 | determining whether a particular sentence for a term of years can
6 | violate the Eighth Amendment, we have not established a clear or
7 | consistent path for courts to follow."  <u>Lockyer v. Andrade</u>, 538 U.S.
8 | at 72.  Because of this lack of clarity, the <u>Andrade</u> Court found not
9 | unreasonable a California court's affirmance of a sentence of 25 years
10 | to life for petty theft with a prior theft-related conviction.  <u>Id.</u>
11 | The same lack of clarity would prevent this Court from concluding that
12 | the state courts' rejection of Petitioner's Eighth Amendment claim was
13 | "contrary to" or an "unreasonable application of" "clearly established
14 | Federal law as determined by the Supreme Court of the United States."
15 | <u>See</u> 28 U.S.C. § 2254(d); <u>see also</u> <u>Rios v. Garcia</u>, 390 F.3d 1082, 1086
16 | (9th Cir. 2004), <u>cert. denied</u>, 546 U.S. 827 (2005) (Three Strikes
17 | sentence for petty theft not disproportionate where theft involved a
18 | struggle and the petitioner previously had been convicted of a robbery
19 | in which a cohort used a knife).
20 | ///
21 | ///
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

**RECOMMENDATION**

For all of the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) directing that Judgment be entered denying and dismissing the Petition with prejudice.

DATED: July 22, 2008.

                    _____/s/_____
                    CHARLES F. EICK
                    UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.